UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER LOVE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:19-cv-00445-GZS |
| | ) |
| ROYAL FLEET AUXILIARY, | ) |
| | ) |
| Defendant | ) |

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDED DISMISSAL OF THE CASE

The plaintiff in this action, Christopher Love, has filed a complaint against the Royal Fleet Auxiliary ("RFA"). *See* Testimonial of the Sponsored Reservist Legislation martyr ("2019 Complaint") (ECF No. 1) at [1]. I conclude that Mr. Love may proceed *in forma pauperis* but recommend that the court dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by the principles of *res judicata*.

### I. Leave to Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). Mr. Love has not filed a motion to proceed *in forma pauperis*; however, he is appearing *pro se*, and the docket does not indicate that he has paid the requisite filing fee. In 2010, Magistrate Judge Kravchuk granted a motion by Mr. Love to proceed *in forma pauperis* in a substantively identical lawsuit. *See* Decision Granting Motion to Proceed *in Forma Pauperis* and Recommending Dismissal of Complaint ("2010 Recommended Decision") (ECF No. 4), *Love v. Royal Fleet Auxiliary* ("*Love I*"), No. 2:10-cv-00091-DBH (D. Me. Mar. 5, 2010) (rec. dec., *aff'd* Mar. 18, 2010), at 1. My review of the

1

2019 Complaint indicates that Mr. Love's circumstances do not appear to have improved. *See generally* 2019 Complaint. Therefore, I conclude that Mr. Love may proceed *in forma pauperis*.

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

### B. Factual Background

On September 30, 2019, Mr. Love filed a series of documents that the Clerk's Office docketed as a complaint with attachments. *See* 2019 Complaint & Attachments thereto. The documents focus largely on Mr. Love's many grievances with the RFA and its treatment of seafarers, in particular, Sponsored Reservists. *See id.*

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

This is not Mr. Love's first time filing a lawsuit in this court. On March 4, 2010, he filed a one-page complaint against the RFA, the Ministry of Defence, and the Government of the United Kingdom alleging violations of his rights under international seafarer's law and the Geneva Convention. Complaint ("2010 Complaint") (ECF No. 1), *Love I*. On March 5, 2010, Magistrate Judge Kravchuk recommended the dismissal of the 2010 Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* 2010 Recommended Decision at 1-2. Mr. Love then filed a document titled "Testimonial of the Sponsored Reservist Legislation martyr" that he labeled a "Pleading/Response to Judge Kravchuk's Order" (and the Clerk's Office docketed as an "Objection to Report and Recommended Decision"). Objection to Report and Recommended Decision ("2010 Objection") (ECF No. 7), *Love I*.

Over Mr. Love's objection, Judge Hornby adopted Magistrate Judge Kravchuk's recommended decision on March 18, 2010, *see* Order Adopting Report and Recommended Decision ("2010 Order") (ECF No. 8), *Love I*, and the court entered judgment in favor of the defendants and against the plaintiff, *see* ECF No. 9, *Love I*. On April 21, 2010, Mr. Love appealed that judgment to the First Circuit, *see* ECF No. 10, *Love I*, which entered a judgment on May 24, 2010, dismissing the appeal as untimely, *see* Judgment ("First Circuit Judgment"), *Love I*, No. 10-1511 (1st Cir. May 24, 2010).

The first eight pages and most of the ninth page of the 2019 Complaint, including its "Addendum: The Law of Unexpected/Unintended Consequences" and "SR Martyr Dream Sheet," are identical to the 2010 Objection. *Compare* 2019 Complaint at [1]-[9] *with* 2010 Objection. The remaining 28-plus pages appear to be a diary of Mr. Love's thoughts, experiences, and legal theories from April 9, 2010, through March 16, 2012. *See* 2019 Complaint at [9]-[37]. While the Clerk's Office docketed the diary as a portion of the complaint, it is best characterized as an

attachment to the eight-plus page document that precedes it. Mr. Love also appends to his complaint a handwritten document requesting "a full jury," "a military commission[,]" and "interim funding to take this to the Supreme Court, so [he] can file a class action lawsuit." Cover Letter/Picture ("Cover Letter") (ECF No. 1-4), attached to 2019 Complaint, at [1].

### C. Discussion

"Federal law principles of res judicata govern the preclusive effect of a prior federal court's judgment on a subsequent action brought in federal court." *Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 582 (1st Cir. 1995). The 2010 Complaint was dismissed by a federal court, and therefore federal *res judicata* principles govern the instant case.

"Under the federal doctrine of *res judicata,* a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." *Cooper v. Principi*, 71 F. App'x 73, 74 (1st Cir. 2003) (citation and internal quotation marks omitted). "For a claim to be precluded, there must be: (1) a final judgment on the merits in an earlier action; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two suits." *Id*. (citation and internal quotation marks omitted).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised." *Arizona v. California*, 530 U.S. 392, 412, *supplemented on other grounds*, 531 U.S. 1 (2000) (citation and internal quotation marks omitted). "This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id*. (citation and internal quotation marks omitted).

4

"The fact that [a] plaintiff appear[s] pro se . . . is insufficient to create any equitable exception" to the doctrine of *res judicata*. *Swaida v. Gentiva Health Servs.*, 238 F. Supp. 2d 325, 330 (D. Mass. 2002); *see also Cooper*, 71 F. App'x at 74 (affirming dismissal of *pro se* plaintiff-appellant's complaint on *res judicata* grounds).

In this case, for the reasons discussed below, all three elements of the test for claim preclusion are satisfied. Accordingly, I recommend that the 2019 Complaint be dismissed as barred by the principles of *res judicata*.

### 1. Final Judgment on the Merits

"The law . . . is clear that the dismissal for failure to state a claim does constitute a final judgment for res judicata purposes." *Andrews-Clarke v. Lucent Techs., Inc.*, 157 F. Supp. 2d 93, 99 (D. Mass. 2001). Thus,

> [a] dismissal for failure to state a claim is a judgment on the merits, unlike dismissals for lack of subject matter or personal jurisdiction, improper venue, or failure to join the proper parties under Rule 19. This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect.

*Id*. (citation and internal quotation marks omitted); *see also Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983) (concluding that dismissal for failure to state a claim was a final judgment on the merits).

Magistrate Judge Kravchuk concluded that the 2010 Complaint "should be dismissed because it fail[ed] to state a claim on which relief may be granted." 2010 Recommended Decision at [1]. She explained that Mr. Love's complaint did "not state a cognizable claim in this court against the[] named defendants" and that there were "no factual averments in Love's complaint whatsoever[.]" *Id.* at [1]-[2]. Following Mr. Love's submission of his objection to that recommended decision, Judge Hornby affirmed it, *see* 2010 Order, and the court entered judgment

in favor of the defendants and against the plaintiff, *see* ECF No. 9, *Love I*. Mr. Love then appealed that judgment to the First Circuit, *see* ECF No. 10, *Love I*; which dismissed his appeal as untimely, *see* First Circuit Judgment, *Love I*.

Hence, there was a final judgment on the merits in *Love I*.

**2. Sufficient Identity Between the Causes of Action in the Earlier and Later Suits**

"The First Circuit applies a transactional approach to determine whether the causes of action in the earlier and later suits are identical." *Cichocki v. Mass. Bay Cmty. Coll.*, 199 F. Supp. 3d 431, 440 (D. Mass. 2016), *aff'd*, No. 16-2195 (1st Cir. Feb. 20, 2019) (citation and internal quotation marks omitted). "The court must examine the nucleus of operative facts in both the earlier and later claims: although a set of facts may give rise to multiple counts based on different legal theories, if the facts form a common nucleus that is identifiable as a transaction or series of related transactions, then those facts represent one cause of action." *Id.* (citation and internal punctuation omitted).

The 2019 Complaint arises out of the same nucleus of operative facts as the 2010 Complaint; that is, the perceived discrimination by the RFA against seafarers, in particular, Sponsored Reservists. In fact, the first nearly nine pages of the 2019 Complaint are identical to the objection that Mr. Love filed in *Love I* prior to Judge Hornby's adoption of Magistrate Judge Kravchuk's recommended decision. *Compare* 2019 Complaint at [1]-[9] *with* 2010 Objection.

While the diary submitted as part of the complaint appears to have been created between 2010 and 2012, its entries do not state a cognizable new claim against the RFA or any other party. Mr. Love makes fresh demands for relief, including "damages of $12,000,000.00 net for Federal and judicial heavy-handedness" and the formation of "a Senate Investigating Committee into the SR [presumably, Sponsored Reservist] anomaly," 2019 Complaint at [10], and lists 73 offenses,

including wrongful arrest and detention, psychiatric malpractice, attempted espionage, treason, docket altering, wrongful death, and violation of a number of international, U.K., and U.S. laws, *see id*. at 21-24.  However, his diary entries, in the main, chronicle his continuing efforts to press the points raised in the 2010 Complaint and 2010 Objection and his frustration with the failure of various individuals and authorities to redress them.  *Id.* at [9]-[37].

The same can be said for the handwritten attachment to Mr. Love's complaint.  While he demands a full jury, a military commission, and funding to file a class-action lawsuit with the Supreme Court, nothing in that document indicates that these demands arise out of a set of operative facts distinct from those underpinning *Love I*.  Cover Letter at [1].

The instant action, accordingly, is sufficiently similar to the 2010 action to warrant its preclusion.

### 3. Sufficient Identity Between the Parties in the Two Suits

The final element of the test for the application of *res judicata*, whether there is sufficient identity between the parties in the earlier and later suits, is easily satisfied.  Mr. Love's 2019 Complaint is docketed as naming the RFA, one of the three parties named in *Love I*.  *Compare* 2019 Complaint *with* 2010 Complaint.  While the 2019 Complaint and appended documents mention grievances against a host of other individuals and entities, no distinct causes of action are specifically alleged against any new parties.  Hence, there is a sufficient identity between the parties in both suits to warrant the preclusion of the instant suit.

### III. Conclusion

For the foregoing reasons, I conclude that the plaintiff may proceed *in forma pauperis* but recommend, following the screening mandated by 28 U.S.C. § 1915(e)(2)(B), that the court **DISMISS** his complaint with prejudice as barred by principles of *res judicata*.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*


Dated this 23rd day of December, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge